**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2819
_____


SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL UNION NO. 25

v.

JANSONS ASSOCIATES, INC.,
                                        Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:23-cv-21158)
District Judge: Honorable Susan D. Wigenton
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2025

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: July 29, 2025)


_____


OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Jansons Associates, Inc. challenges the District Court's order confirming an arbitration award in favor of Appellee Sheet Metal Workers International Association Local Union No. 25 and denying Jansons' motion to vacate the award. Discerning no error, we will affirm.

Local 25 filed a grievance in arbitration against Jansons pursuant to a collective bargaining agreement, and the Local Joint Adjustment Board (LJAB) issued a unanimous decision in Local 25's favor, directing Jansons to pay $9,000 in damages. Jansons refused to pay, so roughly eight months after the decision issued, Local 25 filed a petition to confirm the arbitration award in the District of New Jersey. Jansons followed with a cross petition to vacate the award a few weeks later. Applying the Federal Arbitration Act (FAA), the District Court confirmed the award and denied the cross petition. This timely appeal followed.[1]

Jansons argues that New Jersey law, not the FAA, governs this case because Local 25 filed its petition as an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Jansons also contends that the District Court erred in allowing Local 25 to proceed by summary action, in ruling that Jansons' motion to vacate the award was untimely, and in declining to vacate the award. We discern no error in the District

---

[1] The District Court had jurisdiction under 29 U.S.C. § 185. *See Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 250 (3d Cir. 2020). We have appellate jurisdiction under 28 U.S.C. § 1291.

2

Court's rulings, all of which follow logically from its apt conclusion that the FAA governs this case.[2]

When seeking enforcement of the arbitration award in the District Court, Local 25 had the option to file a motion invoking the FAA or to initiate a civil action under § 301 of the Labor Management Relations Act. *PG Publ'g, Inc. v. Newspaper Guild*, 19 F.4th 308, 312 (3d Cir. 2021). The former approach proceeds as a summary action and employs the time limitations in the FAA and the latter "proceed[s] as [a] typical civil action[]" governed by the statute of limitations of the forum state, which, here, is New Jersey. *Id.* at 312, 314–15. Under the FAA, a district court must grant a motion to confirm "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Teamsters Loc. 177 v. UPS*, 966 F.3d 245, 252 (3d Cir. 2020).

To determine whether a party invoked the FAA, as opposed to § 301, "we look to both the substance of the filing and [the] manner of litigating th[e] dispute," *PG Publ'g*, 19 F.4th at 319, including whether the party filed a "motion" or a "request," rather than "a formal lawsuit or action," *Teamsters Loc. 177*, 966 F.3d at 254 (quoting *SEC v. McCarthy*, 322 F.3d 650, 657 (3d Cir. 2003)). Here, Local 25's petition was a motion in substance, "request[ing]" that the District Court "grant . . . an order confirming the LJAB's decision and award" "pursuant to Section 9 of the Federal Arbitration Act." Supp. App. 33, 36. And Local 25 litigated the dispute in the manner of a motion, rather

---

[2] In reviewing the District Court's confirmation of the arbitration award, "we review its legal conclusions de novo and its factual findings for clear error." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012).

than a civil action, by filing a statement in lieu of a brief, proof or acknowledgement of service on all other parties, and a proposed order under the local civil rules.[3]  Moreover, Jansons was clearly on notice that it was litigating a motion, as it stated in a letter to the District Court clerk that the petition was "akin to a dispositive motion" and invoked the local rules for motions practice.  Supp. App. 64.

Jansons contends that Local 25's citation to § 301 in its petition demonstrates that the union proceeded under that provision.  But Local 25 merely cited § 301 for the purpose of establishing subject matter jurisdiction and went on to invoke the FAA as the provision under which the District Court should confirm the award.[4]  The citation to § 301 does little to negate the reality that Local 25 brought and litigated a motion under the FAA—not a formal civil action.

Because Local 25 moved under the FAA, the District Court properly proceeded by summary action subject to the FAA's statute of limitations.  The FAA allows one year to

---

[3] Jansons argues that Local 25 did not submit an affidavit or otherwise properly attest to the facts in the verified petition, in violation of the local rules, and points out that Local 25's petition "is structured like a Verified Complaint," rather than a motion, "containing 16 paragraphs and a prayer for relief consistent with the form and format of a civil pleading."  Reply Br. 5.  But that Local 25 may have strayed in its formulating of the motion does not change the fact that it clearly moved under the FAA, and "[n]umbered paragraphs do not a pleading make."  *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 308 (3d Cir. 2006).

[4] Indeed, Local 25 could not have cited the FAA alone, as a federal court must have "an 'independent jurisdictional basis'" to review an arbitration award under the FAA.  *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

4

move to confirm an award and three months to move for vacatur, with both deadlines running from the date of the arbitration body's decision. 9 U.S.C. §§ 9, 12. Accordingly, Local 25's petition—filed almost eight months after the decision—was timely, and Jansons' vacatur motion—filed roughly nine months after the decision—was not. Because there was no timely motion to vacate, the District Court was required to confirm the arbitration award and appropriately did so. *See id.* § 9; *Teamsters Loc. 177*, 966 F.3d at 252.

*     *     *

For the foregoing reasons, we will affirm.